EDWIN A. LOMBARD, Judge.
liOn appeal, the State argues (and the defendant’s counsel concedes) that the trial court erred in granting the defendant’s motion to quash. Accordingly, after review of the record in light of the applicable law and arguments of the parties, we reverse the judgment of the trial court and remand the case for further proceedings.

Relevant Facts and Procedural History.

On November 12, 2009, Richard Lebeau was charged with two counts of aggravated rape in violation of La.Rev.Stat. 14:42. The first count was for an offense that occurred on January 15, 1999, and the second count was for an offense that occurred on September 3, 2009. On May 17, 2010, the State proceeded to trial on the first count only but introduced evidence pertaining to the second count pursuant to La.Code Evidence 412.2. The defendant was found guilty as charged on the first count.[1] On August 13, 2010, the defendant filed Motion to Quash the second count, arguing that pursuant to Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), his trial on the second count was barred under “collateral or criminal estop-pel.” The trial court granted the defen *284 dant’s motion on September 3, 2010, finding that the |2rape on which the second count was based (the offense that occurred on September 3, 2009, offense) had “been litigated already.” The State appeals this decision.

Discussion

In Ashe v. Swenson, supra, the U.S. Supreme Court characterized collateral es-toppel as meaning “that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.” 397 U.S. at 443, 90 S.Ct. 1189. As observed by the defendant’s counsel, this holding in Ashe v. Swenson is dependent upon the defendant having been acquitted in the previous trial because such acquittal necessarily meant that the defendant could not have been the person who robbed any of the victims, including the victim who was the subject of the second prosecution. See also U.S. v. Felix, 503 U.S. 378, 387, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992) (recognizing “the basic, yet important, principle that the introduction of relevant evidence of particular misconduct in a case is not the same thing as prosecution for that conduct.”).
In this case, evidence of the - facts involved in the second count (the 2009 rape) were introduced at the trial on the first count (the 1999 rape) to reflect similar patterns that confirmed the defendant’s identity but the defendant did not face prosecution for the 2009 rape and, accordingly, his guilt or innocence pertaining to the 2009 rape charge has never been determined. Thus, the prosecution for the 2009 rape charged in count two does not violate his Fifth Amendment right against Double Jeopardy. Accordingly, the trial court abused its discretion in quashing the indictment underlying the second count.

\ ^Conclusion

We reverse the judgment quashing the indictment and remand the matter back to the trial court for further proceedings.
REVERSED AND REMANDED.

. The defendant's conviction on this count was subsequently affirmed on appeal. State v. Lebeau, unpub. 10-1242 (La.App. 4 Cir. 6/22/2011), 66 So.3d 89.